UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER HYACINTH

     Plaintiff,

v.

LOCAL #3 IBEW and JOINT INDUSTRY
BOARD OF THE ELECTRICAL INDUSTRY
     Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

24-cv-7886 (LDH) (CLP)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

  Christopher Hyacinth ("Plaintiff"), proceeding *pro se*, commenced the instant action pursuant to 29 U.S.C. 1001 *et seq.* against Local #3 IBEW and Joint Industry Board of the Electrical Industry ("Defendants"), challenging the denial of his union disability benefits application.  (Am. Compl. ¶ 44, ECF No. 1-2.)

## BACKGROUND[1]

  The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to the consideration of the report and recommendation (the "R&R").  Plaintiff is an electrician that has been a member of the Union Local #3 IBE, Joint Industry Board of The Electrical Industry (the "Union") since 1986.  (*Id.* ¶¶ 3-4, 8.)  In 2015, Plaintiff was injured while working on a job site and, as a result, underwent surgery in 2016.  (*Id.* ¶¶ 14-22.)  As a result of this surgery, Plaintiff was unable to work in the months that followed, later resuming work in

---

[1] In Plaintiff's Amended Complaint, Plaintiff sometimes refers to "Defendants" and, at other times, to a singular defendant, without specifying which Defendant is being referenced.  To avoid inaccurately representing which Defendant acted, the Court references both Defendants in its recitation of the facts pleaded by Plaintiff.

2017.  (*Id.* ¶¶ 23-24.)  Plaintiff ultimately continued working until 2019, at which point he ceased working because of severe pain.  (*Id.* ¶ 25.)

In June 2019, Plaintiff contacted Defendants to inquire about what benefits he would qualify for, in the event he was unable to work again.  (*Id.* ¶ 28.)  On October 10, 2019, Plaintiff met with a Pension Director Maureen Steiger (the "Pension Director").  (*Id.* ¶ 31.)  During this meeting, the Pension Director informed Plaintiff that he qualified for an early pension retirement.  (*Id.* ¶¶ 31, 33.)  The Pension Director later suggested that he apply for The State of New York Disability Pension program ("NYDPP").  (*Id.* ¶ 35.)  According to the complaint, the Pension Director informed Plaintiff that, if he were to qualify for a disability pension from the State of New York, he would be dually eligible for a disability pension from the Union.  (*Id.* ¶ 36.)  Plaintiff subsequently applied for benefits with NYDPP.  (*See id.* ¶ 38.)  In April 2021, Plaintiff was notified that he qualified to receive a disability pension from the NYDPP in the amount of $1,380.  (*Id.* ¶ 38-39.)  However, and despite applying for disability union benefits as the Pension Director suggested, Plaintiff has yet to receive disability union benefits.  (*Id.* ¶ 40.)  According to Plaintiff, Defendants informed him that the Pension Director's earlier determination of Plaintiff's eligibility for early retirement was made in error because Defendants did not have Plaintiff's work records.  (*Id.* ¶ 49.)  Plaintiff contends this assertion is in contradiction with previous representations made by Defendants.  (*Id.* 50-51.)

On October 19, 2023, Plaintiff, proceeding pro se, filed a verified complaint in Kings County Supreme Court, which is nearly identical to the complaint filed in this action against the same Defendants ("*Hyacinth I*" [2] or the "First Action").  (Not. Removal, *Hyacinth I*, ECF No. 1;

---

[2] The term "*Hyacinth I*" refers to *Hyacinth v. Joint Indus. Bd. of the Elec. Indus., et al.*, No. 23-CV-8201 (LDH) (CLP). The term "*Hyacinth II*" refers to *Hyacinth v. Local #3 IBEW, et al.*, No. 24-CV-886 (LDH) (CLP), which is the instant action.

2

*see* Compl., *Hyacinth I*, ECF No. 1-1.)  *Hyacinth I* was removed to this Court on November 13, 2023.  (Not. Removal, *Hyacinth I*.)  And, on November 30, 2023, Plaintiff filed an Amended Complaint, which added a Title VII claim alleging that he was denied a disability pension because of his race.  (Am.Compl, *Hyacinth I*, ¶¶ 7, 17, 72, ECF No. 16-1.)  Upon motions made by Defendants, on September 30, 2024 , this Court dismissed, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's federal claims in the First Action .  (Mem. and Order, *Hyacinth I*, ECF No. 25.)

On October 25, 2024, following the dismissal of *Hyacinth I*, Plaintiff, again proceeding pro se, commenced an action in Kings County Supreme Court.  (Not. Removal, *Hyacinth II* ¶ 1, ECF No. 1.)  That action was removed to this Court.  (Not. Removal, *Hyacinth II*.)  Thereafter, Defendants moved for a pre-motion conference in anticipation of their motion to dismiss, arguing that, under the doctrine of res judicata, Plaintiff should be precluded from relitigating claims related to the denial of his union disability benefits application, because the First Action had already litigated and dismissed said claim.  (Def.'s Ltr. Mot., *Hyacinth II* at 2, ECF No. 5; Def.'s Letter Mot., *Hyacinth II* at 2-3, ECF No. 9.)  In addition, Defendants each served Plaintiff with a letter ("Defendants' Rule 11 Letters"), pursuant to Rule 11(c)(2), advising him of their position that *Hyacinth II* was commenced in violation of *res judicata*; and indicating that, should Plaintiff not withdraw his claims against Defendants within 21 days of them serving their letters, Defendants would move for sanctions under Rule 11 of the Federal Rules of Civil Procedure (Def.'s Mem. L. Supp. Mot. Sanctions ("Def. Joint Bd. Mem.") at 5-6, *Hyacinth II*, ECF No.15; Def.'s Mem. L. Supp. Mot. Sanctions ("Def. Local #3's Mem.") at 2, 6, *Hyacinth II*, ECF No. 20.)  4

3

On December 13, 2024, the Court denied Defendants' motion for a pre-motion conference and set a briefing schedule related to Defendants anticipated motions to dismiss. (Order, dated Dec. 13, 2024, *Hyacinth II*.)  And, Because Plaintiff did not withdraw his claims within 21 days of Defendants' Rule 11 Letters, Defendants each moved for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. (*See id*, *Hyacinth II*.)  For relief, Defendants each requested that this Court order Plaintiff to pay Defendants' attorney's fees incurred in the instant action—*Hyacinth II*; or, in the alternative, that the Court issue an injunction prohibiting Plaintiff from filing another suit against Defendants related to his disability pension application that is the subject of this action. (Def. JIB's Mem. at 7, *Hyacinth II*; Def. Local #3's Mem. at 8, *Hyacinth II*.)  The Court subsequently referred Defendants' motions for sanctions to Magistrate Judge Pollack. (Orders, dated Jan. 14, 2025 and Feb. 5, 2025, *Hyacinth II*.)  On February 14, 2025, Judge Pollack directed Plaintiff to submit any opposition to Defendants' motion for sanctions on or before March 7, 2025. (Order, dated Feb. 14, 2025, *Hyacinth II*.)  Plaintiff failed to do so.  Further, after Defendants collectively filed an omnibus motion to dismiss Plaintiff's complaint, Plaintiff filed his opposition to their motion without referencing Defendants' Rule 11 Letters or their motions for sanctions. (*See generally* Pl.'s Opp'n Defs.' Omnibus Mot. Dismiss, *Hyacinth II*.)

On August 6, 2025, Judge Pollack issued a report and recommendation (the "R&R") recommending that Defendants' motions for sanctions be granted in part and denied in part. (*See* R&R at 8-12.)  Specifically, Judge Pollack recommended that the Court reframe from imposing a monetary sanction against Plaintiff at this time and instead issue an order explicitly prohibiting Plaintiff from filing new claims in the future, consistent with Defendants' request. (*Id.* at 12.)  In reaching this recommendation, Judge Pollack acknowledged Plaintiff's pro se status, the

4

complexity of ERISA, and the notion that when he filed his Amended Verified Complaint before the state court, plaintiff could have reasonably believed that he was not re-filing his ERISA claim but was instead seeking damages based on a state common law breach of contract or unjust enrichment theory. (*Id.* at 11.)

On August 19, 2025, Plaintiff filed a timely objection to the R&R. That said, Plaintiff directed all but one of its objections at Defendants. (*See generally* Pl. Obj.; *see also* Pl. Obj. ¶ 10-12.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "the district court 'need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Here, however, Plaintiff failed to file any response to Defendants' motions for sanctions. As such, the arguments he raises are inappropriate for de novo review because each argument was not, but could have been, presented to Judge Pollack in the first instance. *Kennedy v. Adamo*, No. 02 CV 01776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006); *see Gutman*, No.

03 CIV. 1570 (BMC), 2008 WL 5084182, at *1 (holding de novo review did not apply to the objections that were not presented to the magistrate judge). Although the Court is aware of Plaintiff's pro se status, the solicitude afforded to pro se litigants "does not require [courts] to excuse [a pro se litigant's] failure to comply with understandable procedural rules." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021). The Court decision not to excuse Plaintiff's failure to respond to Defendants' motions for sanctions is buttressed by the fact that Judge Pollack directed Plaintiff to respond to Defendants' motions and he still failed to do so. (Order, dated Feb. 14, 2025, *Hyacinth II*.)

In any event, Plaintiff's objections to the R&R are also incognizable because they do not relate to a specific finding or recommendation. *Gutman*, No. 03 CIV. 1570 (BMC), 2008 WL 5084182, at *1; *See* 28 U.S.C. § 636(b)(1)(C). Moreover, and putting aside Plaintiff's objections that are directed at Defendants, Plaintiff appears to challenge Judge Pollack's acknowledgement that the doctrine of res judicata may bar Plaintiff's claims in the instant action. (Pl.'s Obj. ¶¶ 10-12.) When Judge Pollack first referenced this possibility, however, she indicated that she was not considering whether res judicata barred Plaintiff from proceeding in this action because this determination was reserved for the district court. (R&R at 9.) Judge Pollack also made clear that her recommendation pertained to whether an award of sanctions under Rule 11 of the Federal Rules of Civil Procedure was proper, which is a determination that is distinct from addressing the merits of Plaintiff's claims. (R&R at 8, 9 (quoting *East Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008).) As such, to the extent de novo review applied to this objection, the Court overrules it because Judge Pollack was within her rights to consider the possibility of whether res judicata applied without making a determination of such on the merits. *See E. Gluck Corp.*, 252 F.R.D. at 179 (Courts have "significant discretion in

6

determining what sanctions, if any should be imposed" (citation omitted)).  This is especially true where, as here, the applicability of res judicata was the core basis upon which Defendants moved for sanctions.  (Joint Bd. Mem. at 6; Local #3 Mem. at 5.)  Having resolved this objection, and the Court reviews the remainder of the R&R for clear error.  *Estate of Ellington ex rel. Ellington.*, 812 F. Supp. 2d at 189.

Where a pro se litigant is alleged to have violated Rule 11 of the Federal Rules of Civil Procedure, Courts apply a more lenient standard than would be applicable where a party is represented.  *Sachs v. Matano*, No. 15 CV 6049, 2016 WL 4179792, at *7 (E.D.N.Y. July 15, 2016), *report and recommendation adopted*, 2016 WL 4186708 (E.D.N.Y. Aug. 4, 2016).  Indeed, courts "do[] not expect litigants proceeding *pro se* to grasp complex legal concepts, including the grounds upon which the [c]ourt relied to dismiss plaintiff's claims[,] . . . with the same level of understanding as attorneys."  *McCluskey v. New York State Unified Ct. Sys.*, No. 10CV2144JFBETB, 2010 WL 11632696, at *1 (E.D.N.Y. July 9, 2010).  Put differently, it is proper for Courts to "consider the special circumstances of litigants who are untutored in the law."  *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989).

In Judge Pollack's well-reasoned R&R, she explains her rationale for not recommending monetary sanctions in this action, including how Plaintiff's pro se status impacted several of her considerations.  (R&R 9-12.)  In addition, Judge Pollack acknowledged that the procedural manner in which *Hyacinth I* and *Hyacinth II* were removed to this Court was the result of ERISA preemption, which "is a complex doctrine" that has "confound[ed] practitioners and courts since ERISA was enacted."  (*Id.* at 12-13.)  Because all doubts are to be decided in favor of the signer of the pleading—in this instance, Plaintiff—Judge Pollack ultimately found that Plaintiff acted in good faith when he repursued state law claims in connection with the denial of his union

7

disability benefits application after the Court declined to exercise supplemental jurisdiction over these claims in *Hyacinth I*. (*Id.* at 11.) Having found no error with respect to these findings, the Court adopts them as well as Judge Pollack's recommendation that monetary sanctions against Plaintiff are not warranted at this juncture. (*Id.* at 12.)

However, and for similar reasons Judge Pollack declined to recommend monetary sanctions, at this juncture the Court rejects Judge Pollack's recommendation that an injunction should be issued against Plaintiff that prohibits him from filing new claims related to the denial of his union disability benefits application in the future. (*See id.*) When determining whether to grant a filing injunction, courts consider the following: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Iwachiw v. N.Y. State DMV*, 396 F.3d 525, 528 (2d Cir. 2005). With respect to the first, fourth and fifth factors, the Court believes an injunction would be inappropriate at this time because this is not an instance in which Plaintiff has filed several meritless actions related to the same causes of action. This action represents only the second time Plaintiff has filed claims related to the denial of his union disability benefits application. And, with respect to the second and third factors, Plaintiff is not represented by counsel and the Court already affirmed Judge Pollack's finding that Plaintiff acted in good faith when he repursued state law claims in connection with the denial of his union disability benefits application.

8

Moreover, "courts that have imposed sanctions against pro se litigants frequently have attached importance to the fact that the litigant previously had been placed on notice that he or she was on the verge of violating Rule 11." *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 16 (E.D.N.Y. 1996); *see also Castro v. Samuel*, 50 F. Supp. 3d 377, 381 (E.D.N.Y. 2014) ("'Before a filing sanction is imposed [ ] a litigant must be provided notice and an opportunity to be heard.'" (quoting *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, at *69 (2d Cir. 2012)). As the R&R referenced, Defendant's Rule 11 Letters failed to adequately explain Defendants' position that any state common law claims brought by Plaintiff would be preempted, even if not otherwise barred by res judicata. (R&R at 11.) As such, prior to the issuance of the R&R, Plaintiff had yet to be warned about potential consequences of trying to pursue state law claims related to his disability pension application following the dismissal of *Hyacinth I*. In any event, it is "the [C]ourt [that] is under an obligation to provide a litigant notice of the impending filing sanction and an opportunity to be heard" prior to issuing any filing sanction. *Sachs v. Matano*, No. CV156049JFBAKT, 2016 WL 4179792, at *8 (E.D.N.Y. July 15, 2016), *report and recommendation adopted*, No. 15-CV-6049(JFB)(AKT), 2016 WL 4186708 (E.D.N.Y. Aug. 4, 2016). While the R&R may constitute notice and Plaintiff's ability to object may constitute an opportunity to respond, out of an abundance of caution, the Court finds it improper and potentially too harsh to impose an injunction at this juncture. *See Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994) ("Rule 11 sanctions should be imposed with caution"). That said, the Court explicitly warns Plaintiff that, should he reassert any claims against Defendants pertaining to the denial of his union disability benefits application, he may be sanctioned.

9

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in part and REJECTED in part. Defendants' motions for sanctions are DENIED with leave to renew. Plaintiff is warned under the risk of sanctions not to reassert claims against Defendants pertaining to the denial of his disability pension benefits application. In light of the Court's Memorandum and Order entered in this action, the Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2025

/s/ LDH
LASHANN DEARCY HALL
United States District Judge